## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| VIRGINIA ANIMAL OWNERS ALLIANCE and THERESIA CONNELL,<br>     *Plaintiffs*,<br><br>v.<br><br>PAUL KUGELMAN, in his individual capacity and in his official capacity as Senior Assistant Attorney General for the Environmental Law Section of the Office of the Virginia Attorney General,<br><br>     *Defendant*. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Case No. **3:20-cv-00633-DJN** _____ |

## <u>COMPLAINT</u>

COMES NOW, Plaintiffs, Virginia Animal Owners Alliance (hereinafter, the "Alliance") and Theresia Connell, a member of the Alliance, and files this Complaint against Defendant Paul Kugelman, in his individual and official capacities, for violating the due process rights at issue in this case. In support thereof, Plaintiff states as follows.

## NATURE OF THE ACTION

### 1.

This action challenges provisions of Va. Code Ann. § 3.2-6500 *et seq.*, specifically § 3.2-6507, 3.2-6568 and § 3.2-6569.

2.

Va. Code Ann. § 3.2-6507 allows a licensed veterinarian, who comes upon an animal that is sick or injured, "and the owner of such animal cannot be immediately located," to "hospitalize or euthanize the animal without the permission of the owner." Va. Code Ann. § 3.2-6568 allows the issuance of a warrant to search the property of a private citizen if there exists "reasonable cause" to believe provisions of Va. Code Ann. § 3.2-6500 *et seq*. are "about to be violated in any particular building or place."

3.

Va. Code Ann. § 3.2-6569 allows a law enforcement officer, among other state officials, to seize and impound an animal that has been abandoned, or that has been cruelly treated, or that otherwise suffers from a violation of the statute which threatens the life, safety, or health of the animal. The statute provides for a hearing within 10 business days after the seizure.

4.

Plaintiffs are the Virginia Animal Owners Alliance ("the Alliance") and Theresia Connell, a member of the Alliance. The Alliance is a Virginia organization whose members include zoo owners, farm owners, and pet owners who seek to promote and preserve animal ownership in the Commonwealth. They work to

educate the public as well as members of the Virginia General Assembly about policy issues that affect this group of citizens.

5.

In this action under 42 U.S.C. § 1983, the Plaintiffs seek a declaration that Va. Code Ann. § 3.2-6507, § 3.2-6568 and § 3.2-6569 violate the Fourteenth Amendment to the United States Constitution. Plaintiffs allege that § 3.2-6507 is unconstitutional for failure to provide due process to animal owners because Va. Code Ann. § 3.2-6507 fails to establish the criteria that must be met before declaring that an owner cannot be immediately located prior to the state euthanizing an animal, which permanently affects animal owner's property rights. Plaintiffs allege that § 3.2-6568 is impermissibly vague as to what constitutes "reasonable cause" to believe that a violation may occur in the future. Plaintiffs allege that § 3.2-6569 is unconstitutional because it provides for a post deprivation hearing when a pre-deprivation hearing is practical and sufficient to meet the state's needs.

6.

Plaintiff Theresia Connell, an individual member of the organization, further alleges that inadequate due process was provided to her when more than two dozen horses and goats were taken from her in June 2019.

7.

Plaintiffs seek a declaratory judgment that Va. Code Ann. § 3.2-6507 is unconstitutional for failure to provide due process and that the state of Virginia, Paul Kugelman, the Senior Assistant Attorney General for the Environmental Law Section, and Michelle Welch, a Senior Assistant Attorney and the Director of the Animal Law Unit, be enjoined from enforcing the statute.

**PARTIES**

8.

Plaintiff Virginia Animal Owners Alliance is a Virginia-based organization composed of zoo owners, farm owners and pet owners. Among the members of the Virginia Animal Owners Alliance is the owner of Fort Chiswell Animal Park, a zoo home to approximately 200 animals. One of its members is Theresia Connell, owner of a farm in Charles City County, Virginia. The Virginia Animal Owners Alliance's purpose is to educate the public and inform State lawmakers about the needs of animal owners, to ensure accountability for the State agencies that affect them, and to make certain that animal owners' due process rights are protected.

9.

Plaintiff Theresia Connell is a United States citizen and a resident of the state of Virginia. At all times relevant to this Complaint, Plaintiff was the owner of a

farm in Charles City County, Virginia and a registered member of the Virginia Animal Owners Alliance.

10.

Defendant Paul Kugelman is sued in his official capacity as the Senior Assistant Attorney General for the Environmental Law Section, which includes the Virginia Animal Law Unit ("ALU"). The ALU is a unit of the Virginia Attorney General's office designated to assist with the prosecution of violations of the Commonwealth's animal fighting, abuse, neglect and other animal-related criminal laws and advise on legal matters relating to animals.

## JURISDICTION AND VENUE

11.

Jurisdiction of this court is based on federal question jurisdiction.

12.

Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to claims occurred within this District and Division and Defendants reside and transact business in this District and Division.

## FACTUAL ALLEGATIONS

13.

The Virginia Animal Owners Alliance has many of members throughout the state. Its members include some of the largest private animal owners in Virginia.

14.

Theresia Connell, owner of Independence "Fun"ie Farm, is a registered member of the Virginia Animal Owners Alliance.

15.

As owners of zoos, farms and animals generally, the members of the Virginia Animal Owners Alliance regularly engage in feeding, watering, and providing medical attention to their animals.

16.

The members of the Virginia Animal Owners Alliance fear that the plain language of § 3.2-6507 authorizes the state to euthanize their beloved animals, and thus, deprives them of their property, without providing for an opportunity for a notice or hearing to challenge when an owner "cannot be immediately located." Moreover, § 3.2-6568 subjects them to arbitrary search and seizure based on a vague and subjective standard of "reasonable cause" to believe a future violation may occur.

17.

Theresia Connell has owned Independence "Fun"ie Farm in Charles City County, Virginia since 2018.

18.

The forty-acre farm served as a farming high school, offering a home school alternative that engages students by offering learning opportunities through hands-on work on the farm and STEM-focused independent studies, as well as offering people the ability to experiment with sustainable farming methods. The farm also sells naturally raised goat meat and milk and produces honey.

19.

Upon moving to Charles City County, Theresia Connell immediately faced problems with a next-door neighbor. Her horses escaped onto a neighbor's property several times and the neighbor called Charles City County Virginia Animal Control ("Animal Control") several times.

20.

In October 2018, Officer Wiggin, acting on behalf of Animal Control inspected Ms. Connell's farm. Animal Control simply advised Ms. Connell to destroy two old horses, who eventually died of natural causes over the winter of 2018-2019. Otherwise, Ms. Connell was not informed of any other problems with her working farm.

21.

Ms. Connell received no further notice, warning, or hearing from state authorities that her farm was out of compliance with regulations before her animals were seized.

22.

On June 13, 2019, the Virginia state authorities removed and impounded three horses, two ponies, one donkey, 21 goats, and two sheep from the farm.

23.

In the days prior to the seizure heavy rains fell causing ponds and streams to overflow and a horse fence to collapse.

24.

Several days prior to June 13, 2019, Ms. Connell's horses were grazing on long grass in her back yard. The animals needed feed in addition to grass and so Ms. Connell purchased feed and also ordered a "round" bale of hay for delivery on June 13, 2019.

25.

At around 3:00 pm on June 13, 2019, the Charles City County Sheriff's Office, as well as Animal Control officers raided the Farm.

26.

A caravan of both state and county officials, in about ten squad cars, swarmed the Farm's driveway while Ms. Connell and her daughter were unloading feed from her vehicle.

27.

State and county officials presented Ms. Connell with a search warrant.

28.

Armed law enforcement officers watched over Ms. Connell and her family while other armed officers searched the farm. State and county officials searched the property and photographed the farm, ponds, and streams.

29.

State and county officials told Ms. Connell that the sole reason for the seizure of her animals was inadequate fresh water because an empty water bucket was upside down, even though tanks containing approximately 450 gallons of fresh water were on the property.

30.

In addition, state and county officials noted that Ms. Connell's mulch pile contained animal remains, despite the fact that Ms. Connell slaughters animals for meat as allowed by the USDA.

31.

Ms. Connell heard a State official, believed to be Michelle Welch, talking to an officer over his radio, believed to be Officer Green. The State official was irate and demanded that Officer Green seize the animals on the property.

32.

Prior to seizing the animals, Officer Green encouraged Ms. Connell to sign over all animals to the County to avoid criminal prosecution, otherwise he threatened to bring the "full arm" of the law against her.

33.

Ms. Connell complained that her rights were being violated.

34.

Ms. Connell observed that several officers looked shocked when the order was given to take away her animals.

35.

All told, it took an excruciating six hours to load Ms. Connell's animals into trailers and take them away, while her family looked on, frightened and helpless.

36.

On July 17, 2019, Ms. Connell attended a hearing in the General District Court of Charles City County to determine whether she violated state law for

neglect and abuse of animals and whether she should have custody of the seized animals.

37.

Senior Assistant Attorney General, K. Michelle Welch, is responsible for handling all animal law questions in the Commonwealth. She directs animal control officers through the Attorney General's Office and often serves as lead prosecutor in cases involving animals.

38.

Ms. Welch has spoken at conferences around the country, appearing on panels with groups such as PETA and the ALDF.

39.

Commenting on the state of Virginia's Animal Cruelty code, Ms. Welch has expressed her comfort with the state euthanizing animals: "If you have any of the things in my cruelty code that you did… and the dog lives, its only a Class I misdemeanor. The dog has to die or has to be euthanized (and it's a dog or a cat) has to be euthanized for me to actually charge you with a felony."

40.

Witnesses for the prosecution included a sheriff's deputy who testified that when he searched Ms. Connell's property there was insufficient hay or feed found on the farm; Ms. Connell's neighbor, George Cooke, testified the animals were too

thin, and a veterinarian who examined the horses, goats, sheep and a donkey and testified in court to the same effect.

41.

In her defense, Ms. Connell had only five minutes to testify and she presented business records showing feed purchases and veterinarian care. She acknowledged that the animals at the time were thin, but said it was due to having received bad batches of hay from local suppliers that sickened her animals, heavy rain that wiped out the grass in her pastures, and a battle with parasites.

42.

The court ultimately ruled for the Commonwealth.

43.

Ms. Connell was then required to pay over $9,000 to appeal an unjust verdict. The necessary funds were not available to her.

44.

Due to the ongoing litigation, the Farm suffered a severe disruption to its operations, and was forced to suspend its homeschooling, goat meat, and milk production activities.

45.

On January 10, 2020, a Charles City County jury found Ms. Connell guilty of six animal cruelty charges.

46.

In her defense Ms. Connell took the stand and said her animals always had food and water. She presented purchase orders and receipts for hay and feed. Flooding and a bad batch of hay had sickened her animals, which left them thin, but she said she was nurturing them back to health.

47.

Ms. Connell was ordered to pay $200 in fines per animal, with the total value of the animals estimated at $24,000 but was not sentenced to serve any time in jail or prison.

48.

Ms. Connell's became aware that certain of her animals were sold by the County as notice was received that federal lien, placed on the animals to secure a federal agency loan to Ms. Connell's daughter, was paid off.

49.

Despite inflicting such traumatic experiences on law abiding Virginia animal owners, members of the ALU have made light of their intimidating effect, stating on social media posts linked to the agency, "Look a parade… nope Task Force!! … Damn!!"

50.

The continued seizure of animals in futures raids of the private property of

law-abiding Virginia animal owners, such as Theresia Connell, will result in the euthanasia of animals before their owners have an opportunity to challenge such an irreversible outcome. It will also do irreparable damage to citizens' livelihoods as their standing in the community is destroyed.

**COUNT I**
**DECLARATORY AND INJUNCITVE RELIEF**
**SECTION 1983 VIOLATION OF DUE PROCESS PURSUANT TO THE 14TH AMENDMENT OF THE U.S. CONSTITUTION**
*(Against Defendant Kugelman in his individual and official capacity)*

51.

The allegations of the above paragraphs 1-50 are re-alleged and incorporated by reference as if fully set forth herein.

52.

Va. Code Ann. § 3.2-6507 violates the Plaintiff Virginia Animal Owners Alliance's due process rights under the Fourteenth Amendment to the United States Constitution.

53.

Plaintiff members of the Virginia Animal Owners Alliance continue to live in fear that their beloved animals will be euthanized because Va. Code Ann. § 3.2-6507 fails to establish the criteria that must be met before declaring that an owner cannot be immediately located. Members also live in fear of being raided, due to the public actions of the ALU and its ties to groups opposed to animal use and

ownership.

## COUNT II
## DECLARATORY AND INJUNCITVE RELIEF
## SECTION 1983 VIOLATION OF DUE PROCESS PURSUANT TO THE 14TH AMENDMENT OF THE U.S. CONSTITUTION
### *(Against Defendant Kugelman in his individual and official capacity)*

54.

The allegations of the above paragraphs 1-50 are re-alleged and incorporated by reference as if fully set forth herein.

55.

Va. Code Ann. § 3.2-6568 and § 3.2-6569 violate the Plaintiff Virginia Animal Owners Alliance's due process rights under the Fourteenth Amendment to the United States Constitution.

56.

The raid on Plaintiff Theresia Connell's farm makes it clear that the Virginia Animal Law Unit has a continuing policy or practice of intentionally seizing animals, at great personal expense to the animal owners, without first providing a pre-deprivation hearing. The requirement of "reasonable cause" to issue a search warrant based on a belief that a future violation may occur is impermissibly vague and a denial of due process.

Case 2:20-cv-00083-JND Document 1 Filed 08/04/2020 Page 16 of 17 PageID #654

**COUNT III**
**SECTION 1983 VIOLATION OF DUE PROCESS PURSUANT TO THE 14TH AMENDMENT OF THE U.S. CONSTITUTION**
*(Against Defendant Kugelman in his individual and official capacity)*

57.

The allegations of the above paragraphs 1-50 are re-alleged and incorporated by reference as if fully set forth herein.

58.

Based on the facts incorporated to support this Count, Plaintiff requests that this Court declare the statutes at issue as unconstitutional and enjoin Defendants from enforcement actions pursuant to said statutes. The harm being caused is both on-going and the cause of non-monetary, irreparable harm.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully request:

(a) Order summons to be issued for service of process upon all Defendants;

(b) Order that a jury determine all issues not settled by this Court;

(c) Declare that Va. Code Ann. §§ 3.2-6507, § 3.2-6568 and 3.2-6569 violate the Fourteenth Amendment to the United States Constitution.

(d) Order Defendants to pay all reasonable costs, compensatory and punitive damages, and attorney's fees pursuant to 42 U.S.C. § 1988, to Plaintiff;

-16-

(e) That Plaintiff receives such other and further relief as the Court deems

just and proper.

Respectfully submitted this 14th day of August 2020,

/s/ Mario B. Williams
Mario B. Williams (VSB #91955)

**NDH LLC**
44 Broad Street, NW, Suite 200
Atlanta, Georgia 30303
404-254-0442 / 404-935-9391 FAX
mwilliams@ndh-law.com